985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant,
v.
BAXTER, HODELL, DONNELLY, PRESTON AND WHB ASSOCIATES,
Defendants-Appellees.
 No. 91-4059.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1993.
 
 Before NATHANIEL R. JONES and SILER, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Prudential Insurance Company of America ("Prudential") appeals the district court's judgment and denial of its motion for judgment notwithstanding the verdict ("JNOV"). The issues are whether the district court erroneously: (1) denied Prudential's JNOV motion; (2) allowed damage evidence during the liability stage of the trial; (3) allowed lay witnesses to give expert opinions; and (4) refused to give warranty instructions. For the following reasons, we AFFIRM the district court.
 
 I.
 
 2
 In the summer of 1982, Prudential contracted with Defendants Baxter, Hodell, Donnelly, Preston ("BHDP"), to design a building. The contract provided that BHDP would furnish basic architectural services, which included preparing drawings and representing the owner during construction. However, the contract did not provide that BHDP would supply equipment, construction, or repair work, as this was the contractor's and supplier's responsibility.
 
 
 3
 Prudential and BHDP contracted for architectural services, stating:
 
 
 4
 Architect shall perform its services so that the Site can be developed and the Project can be constructed from Architect's design in accordance with conventional construction industry practices and the completed project if built in accordance with such design shall be sound and fit for the purpose and use intended and, to the best of Architect's knowledge, comply with all applicable rules, regulations, ordinances and codes of governmental, environmental, municipal and other public agencies.
 
 
 5
 The heating, venting, and air conditioning ("HVAC") system failed to operate properly, as the system was shutting off due to excessive pressure in the ducts. BHDP attempted to correct the problem by redesigning the duct system and spending approximately $147,000. BHDP asserts that: (1) BHDP's contract provided a building design, which included the HVAC system; (2) the general contractor provided the HVAC system, as intended; and (3) the HVAC system incurred problems which could be solved at a lower cost than that asserted by Prudential. The engineers, WHB Associates, Inc. ("WHB"), assert that they did not contract with Prudential and therefore could not be liable to Prudential. However, Prudential asserts that BHDP and WHB breached the contract, as they: (1) failed to provide a sound, fit, and functioning HVAC system; (2) spent over two years attempting to correct the problem but failed; and (3) hired other contractors to redesign and fix the system.
 
 
 6
 The district court bifurcated the trial as to liability and damages. After the jury returned a defense verdict on liability, the district court entered judgment and denied Prudential's motion for JNOV or a new trial.
 
 II.
 
 7
 First, Prudential argues that the district court erroneously denied its JNOV motion, as there was insufficient evidence to find in favor of BHDP.
 
 
 8
 If during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against that party on any claim ... that cannot under the controlling law be maintained without a favorable finding on that issue.
 
 
 9
 Fed.R.Civ.P. 50(a). "In determining whether there is sufficient evidence to raise a question of fact for the jury and defeat a motion for ... judgment NOV, the trial court must view the evidence in a light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in the non-movant's favor." Gomez v. Great Lakes Steel Div., 803 F.2d 250, 254 (6th Cir.1986). "The trial court may neither weigh the evidence nor pass on credibility of witnesses, and cannot grant the motion unless the evidence is such that reasonable minds could come to but one conclusion as to the proper verdict." Id. Conflicting testimony was presented regarding the source of the HVAC system's problems. As there was sufficient evidence for the jury to find in BHDP's favor, the district court did not abuse its discretion in denying Prudential's JNOV motion.
 
 
 10
 Second, Prudential argues that mitigating damage evidence was improperly admitted in the liability stage of the trial, including: (1) costs to WHB; (2) remedial measures; and (3) tenant leases promising temperature reductions beyond design. As this evidence proved that the complications in the HVAC system were not design oriented, it was properly admitted.
 
 
 11
 Additionally, Prudential argues that the district judge improperly restricted testimony to rebut BHDP's testimony that: (1) the HVAC system's only problem was fan instability at low air flow conditions; and (2) that BHDP could have solved the problem at a lower cost. However, the district court did not abuse its discretion in restricting the testimony, as it was necessary to prevent Prudential from repeating its case-in-chief. Moreover, the district judge did allow Prudential's first rebuttal witness to testify. Nevertheless, as there was no proffer made of the anticipated rebuttal testimony, the issue has not been preserved for appeal. Fed.R.Evid. 103(a)(2).
 
 
 12
 In addition, Prudential argues that the district court erroneously refused to give a curative instruction after it read a damage stipulation to the jury. We disagree. Damages were introduced inadvertently before the jury through the reading of Joint Stipulation Number 5. This stipulation stated the specific dollar amount Prudential spent on its redesign and modification of the HVAC system. However, Prudential requested that the stipulation be read, did not object, and did not request a curative instruction until two days later. Accordingly, the district judge did not abuse its discretion in determining that a curative instruction would improperly direct the jury's attention to the damages issue.
 
 
 13
 Third, Prudential argues that the district court abused its discretion in allowing lay witnesses to testify regarding an artificial experiment, as it involved mitigation of damages and was not a defense to liability. We disagree. Witnesses may testify in the form of "opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed.R.Evid. 701; United States v. McCullah, 745 F.2d 350, 352 (6th Cir.1984).
 
 
 14
 Finally, Prudential argues that the district court abused its discretion in refusing to give warranty instructions as it requested. We disagree. Prudential's argument fails, as the breach of warranty issue was encompassed in the breach of contract jury instruction. Further, as no objection was made to the language in the charge, it is not preserved for appeal. "[T]he most important purpose of [Fed.R.Civ.P.] 51 ... is to prevent litigants from challenging on appeal the correctness of the court's charge to the jury where no objections were raised before the trial judge, thus failing to afford him [or her] opportunity to correct inherent errors." American Alliance Ins. Co. v. Keleket X-Ray Corp., 248 F.2d 920, 924 (6th Cir.1957). The jury instructions, viewed as a whole, adequately informed the jury of the relevant considerations, provided a basis in law for aiding the jury in reaching its decision, and were not confusing, misleading, or prejudicial. Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72-73 (6th Cir.1990); Kitchen v. Chippewa Valley Schools, 825 F.2d 1004, 1010-11 (6th Cir.1987).
 
 
 15
 AFFIRMED.